# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Staff Sergeant LASHAWN M. JENNINGS
### United States Air Force

## ACM 38355

## 06 November 2014

Sentence adjudged 6 March 2013 by GCM convened at Scott Air Force Base, Illinois. Military Judge: Lynn Schmidt[1] (sitting alone).

Approved Sentence: Confinement for 12 months and reduction to E-4.

Appellate Counsel for the Appellant: Major Christopher D. James.

Appellate Counsel for the United States: Lieutenant Colonel C. Taylor Smith; Captain Richard J. Schrider; and Gerald R. Bruce, Esquire.

Before

HECKER, WEBER, and KIEFER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

KIEFER, Judge:

A general court-martial composed of a military judge sitting alone convicted the appellant, contrary to her pleas, of a single specification of culpably negligent child endangerment resulting in harm, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The military judge sentenced the appellant to confinement for 12 months and reduction to E-4. The convening authority approved the sentence as adjudged.

The appellant challenges the severity of her sentence and claims ineffective assistance of trial defense counsel.[2] We affirm.

---

[1] Prior to this opinion, the military trial judge's last name changed from Schmidt to Watkins.

*Background*

The appellant adopted a five-year-old child in 2005. Years later, she married Mr. James Jennings. In 2012, the child visited a school nurse complaining of a hurt arm. The nurse noticed significant bruising on the child's arm and a bruise on his back. Eventually, the child disclosed that his stepfather, Mr. Jennings, had abused him by hitting him with his hand and a belt. A subsequent medical examination found several bruises on the child's body.

The child later described how Mr. Jennings regularly beat him, with the appellant's knowledge. He also stated that shortly before his injuries were discovered, the appellant left him in the care of Mr. Jennings. On this occasion, Mr. Jennings punished the child for eating cookies by forcing him to eat the whole package of cookies, including crumbs that had fallen on the floor. Mr. Jennings also forced the child to eat other items on the floor, including two screws. A subsequent x-ray confirmed the child had ingested two screws.

The appellant was convicted of endangering her child in a culpably negligent manner by leaving the child with a caregiver whom she knew had caused bodily harm to the child in the past.[3]

*Sentence Severity*

In this case, the appellant argues that her sentence of confinement for 12 months and reduction to E-4 was too severe based on the offense for which she was convicted. Additionally, she maintains that her sentence was unduly harsh as compared to the sentence her husband received in a civilian criminal proceeding for allegedly related conduct.

This court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We review sentence appropriateness de novo, employing "a sweeping congressional mandate to ensure a fair and just punishment for every accused." *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (quoting *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001)) (internal quotation marks omitted). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of

---

[2] The appellant raises the ineffective assistance of counsel issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] The military judge acquitted the appellant of two specifications of assault consummated by a battery and two additional specifications of child endangerment by design.

service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citing *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Additionally, "[t]he Courts of Criminal Appeals are required to engage in sentence comparison only 'in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). Sentence comparison is not required unless this court finds that any cited cases are "closely related" to the appellant's case and the sentences are "highly disparate." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). Closely related cases include those which pertain to "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Id.* The "appellant bears the burden of demonstrating that any cited cases are 'closely related' to his or her case and that the sentences are 'highly disparate.' If the appellant meets that burden . . . then the Government must show that there is a rational basis for the disparity." *Id.*

We decline the appellant's invitation to engage in sentence comparison. While the two cases may appear factually "related," we find they are not "closely related" as defined by our case law. Even if we were to find the appellant's case is "closely related" to her husband's civilian criminal case, the appellant would still need to demonstrate that her sentence was "highly disparate" from her husband's sentence before we would consider granting relief on a sentence comparison basis.

Our assessment of whether a sentence is highly disparate may consider both the elements of the sentences to be compared as well as the punitive exposure each person faced. The appellant argues that her husband received only "weekend confinement, probation and counseling." There is no evidence in the record to support this claim. Even if we accepted it at face value, however, this statement still fails to address what charge(s) Mr. Jennings was convicted of, the maximum sentence authorized, the facts and evidence presented, and whether any plea bargain was involved in his case. Accordingly, we cannot say that the appellant's sentence is "highly disparate" from her husband's sentence, given the different jurisdiction and unknown circumstances of his case. Accordingly, because the appellant's case and that of her husband are not "closely related" and because we do not find the sentences to be "highly disparate" on the facts presented, we are not required to conduct a sentence comparison in this case.

As part of our authority to review the appropriateness of a sentence, however, we also consider the appellant's sentence in its own right. The appellant was convicted of

endangering her child in a culpably negligent manner by leaving the child with a caregiver whom she knew to have been abusive in the past. Additionally, the child sustained harm through the appellant's culpably negligent act. The appellant faced a maximum sentence of a bad-conduct discharge, confinement for 2 years, reduction to E-1, and total forfeiture of all pay and allowances, and was sentenced to 12 months confinement and reduction to E-4. The appellant's argument that "50% of the maximum confinement" is too severe fails to consider the entire range of punishment at issue. Notably, the appellant did not receive a bad-conduct discharge, which would have been a severe punishment with a lasting impact, especially for the appellant who had over 18 years of service and was approaching retirement eligible status. Furthermore, she did not receive any adjudged forfeitures and was only reduced to E-4.

Evaluating the severity of the sentence, we find that reduction to E-4 and confinement for 12 months is not inappropriate based on the facts and circumstances of this case and all matters in the record of trial.

*Ineffective Assistance of Counsel*

Appellant also argues that her trial defense counsel was ineffective for failing to submit evidence that the child previously made an unsubstantiated allegation of abuse (against different individuals) and failing to cross-examine the child about being a "thief."

When reviewing claims of ineffective assistance of counsel, we follow the two-part test outlined by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007). Our superior court has applied this standard to military courts-martial, noting that "[i]n order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687; *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009)).

"[T]he defense bears the burden of establishing the truth of the factual allegations that would provide the basis for finding deficient performance." *Tippit*, 65 M.J. at 76. When there is a factual dispute, appellate courts determine whether further fact-finding is required consistent with *United States v. Ginn*, 47 M.J. 236, 243 (C.A.A.F. 1997). If, however, the facts alleged by the defense would not result in relief under *Strickland*, the court may address the claim without the necessity of resolving the factual dispute. *See Ginn*, 47 M.J. at 248. Such is the case here.

Trial defense counsel acknowledged in a post-trial affidavit that he was aware of a prior abuse allegation made by the child against several members of the appellant's

family while they were caring for the child in Florida at the appellant's request. He was also aware the child had been arrested at Scott Air Force Base (AFB), Illinois, for a theft issue. Notwithstanding this, trial defense counsel elected to not question the child or any other witness about either the prior abuse allegation or the theft issue. His basis for declining these lines of inquiry was that they did not fit with his case theory of casting blame on the appellant's husband, and he also wanted to avoid alienating the fact-finder and creating added sympathy for the child. These are typical tactical decisions normally entrusted to a trial defense counsel. *United States v. Perez*, 64 M.J. 239, 243 (C.A.A.F. 2006) (holding as a general matter, appellate courts will not second guess the strategic or tactical decisions made at trial by defense counsel). Upon review of the record, we find these decisions were reasonable based on the facts of this case. Consequently, we do not find trial defense counsel's performance to be deficient.

Additionally, even if there was some deficiency in trial defense counsel's tactical decisions, there was no prejudice to the appellant. To establish prejudice, the appellant must show "that there is a reasonable probability that, but for counsel's [deficient performance], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. First, the evidence trial defense counsel allegedly failed to use at trial falls short of the appellant's representations or would not have been beneficial to the defense case. While the prior abuse allegation was not substantiated, the findings did not indicate that the child lied or was untrustworthy and, as trial defense counsel noted, the report about this allegation indicated the child had been left with family members who had a "pattern of reports" filed against them at the civilian family services agency. Regarding the child's arrest at Scott AFB, there is some question whether this would have even been admissible in this prosecution for assault and child endangerment. A failed attempt to characterize the child as a delinquent may have also had negative ramifications for the appellant in sentencing.

In this case, the appellant was acquitted of four of five specifications. Additionally, she did not receive a punitive discharge. We agree with trial defense counsel that the physical evidence of abuse was overwhelming and attacking the child through use of a prior allegation of abuse and a possible theft was unlikely to result in a better outcome. Further, a failed effort to attack the child in this manner could have resulted in convictions on additional specifications or an increased sentence. Accordingly, applying the *Strickland* standard, trial defense counsel's actions were not deficient, and there was no prejudice to the appellant.

*Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the approved findings and the sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court